**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 04 2016

FOR THE NINTH CIRCUIT



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LA CUNA DE AZTLAN SACRED SITES PROTECTION CIRCLE ADVISORY COMMITTEE, et al., <br><br>         Plaintiffs - Appellants, <br> v. <br><br> U.S. DEPARTMENT OF INTERIOR, et al., <br><br>         Defendants - Appellees. | No. 14-56415 <br><br> D.C. No. 5:11-cv-01478-GW-SS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 4, 2016[**]
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges and RICE,[***] Chief District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

1

La Cuna De Aztlan Sacred Sites Protection Circle Advisory Committee, CAlifornians for Renewable Energy, and several of their members appeal the dismissal of their claims under the Energy Policy Act of 2005, as amended ("EPAct"), the National Historic Preservation Act ("NHPA"), and the National Environmental Policy Act ("NEPA"). We review de novo, *N. Cnty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1154 (9th Cir. 2010), and affirm.

**1.** We deny Genesis Solar, LLC's motion for judicial notice (Dkt. No. 21).

**2.** Plaintiffs have failed to establish standing to pursue a claim under Sections 1702 and 1705 of the EPAct, 42 U.S.C. §§ 16512, 16516. To demonstrate individual standing, a plaintiff must "have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Even if we assume Plaintiffs adequately pled injury-in-fact and redressability, they have not sufficiently alleged causation. Plaintiffs make a conclusory allegation that the Genesis Solar Energy Project ("Project") would not have gone forward without the federal loan guarantee, but they allege no supporting facts. Plaintiffs have failed to demonstrate that their alleged injury—suffering harm to environmental

2

and cultural resources at the Project site—is "fairly traceable" to the Federal Defendants' approval of the loan guarantee for the Project.

**3.** Plaintiffs have failed to state a claim under Section 106 of the NHPA, 54 U.S.C. § 306108, and its implementing regulations, 36 C.F.R. pt. 800.

First, Plaintiff Van Fleet, a "tribal monitor" for the Fort Mojave Indian Tribe, does not have standing to bring a claim for inadequate tribal consultation on behalf of the Tribe. The regulations extend the right to government-to-government consultation to the Tribe, not its individual members. *See* 36 C.F.R. § 800.2(c)(2).

Second, Plaintiffs have failed to state a claim for failure to involve Plaintiffs, as members of the public, in the NHPA consultation process. While a federal agency is required to provide adequate opportunities for public involvement, the agency may "use [its] procedures for public involvement under [NEPA] or other program requirements in lieu of [the NHPA's] public involvement requirements." *Id.* § 800.2(d)(3). Here, Plaintiffs' claim is rendered implausible by the NEPA documents—incorporated into the pleading by reference—evidencing such public involvement opportunities.

**4.** Even if we assume Plaintiffs have standing, they have failed to state a claim under NEPA, 42 U.S.C. §§ 4321-4370h, and its implementing regulations, 40 C.F.R. pts. 1500-1508.

First, Plaintiffs failed to state a claim for failure to prepare a supplemental environmental impact statement ("EIS"). An agency is required to prepare a supplemental EIS if a new proposal or new information "will have a significant impact on the environment in a manner not previously evaluated and considered." *Westlands Water Dist. v. U.S. Dep't of Interior*, 376 F.3d 853, 873 (9th Cir. 2004) (citation omitted). Here, Plaintiffs failed to allege that the original EIS did not evaluate and consider the Project's impacts on cultural resources and the kit fox such that a supplemental EIS was required. *See id.*

Second, Plaintiffs failed to state a claim for failure to prepare a single EIS. An agency is required to prepare a single NEPA review document when projects are "connected, cumulative, or similar actions." *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1304 (9th Cir. 2003). Here, Plaintiffs failed to adequately allege that the Genesis Project and other facilities within the CDCA were connected, such that the Project could not or would not proceed without approval of the other projects; cumulative, such that the projects impact the same resources;

4

or similar, such that the agency was required to address the projects in the same NEPA review document. *See id.* at 1305-06.

Third, Plaintiffs failed to state a valid claim for inadequate project review. While an agency must take a "hard look" at the environmental consequences of its major proposed actions, *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 349 F.3d 1157, 1166 (9th Cir. 2003), Plaintiffs' allegations are conclusory and unsupported by factual enhancement and thus inadequate to survive Rule 12(b)(6) dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

**5.** Finally, the district court did not abuse its discretion in denying Plaintiffs leave to file a fifth amended complaint. The district court provided Plaintiffs an opportunity to amend each claim at least once, and Plaintiffs have not demonstrated that leave to file a fifth amended complaint is warranted. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

**AFFIRMED.**